**KRAUS et al. v. NEWMAN et al.**

No. 133, Docket 21526.

United States Court of Appeals
Second Circuit.

Argued Dec. 12, 1949.

Decided Dec. 16, 1949.

Harry Price, New York City, for appellants.

E. H. Shappiro, New York City, W. Lee Helms, New York City, for appellees.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

PER CURIAM.

█ There is nothing in the design patent that indicates an artistic development of any kind, or any ingenuity. The mechanical patent is no better. Plenty of prior art has been submitted which, if not anticipatory, is sufficient to deprive the plaintiffs of any right to claim that they have produced anything beyond the capacity of the most routine mechanic who chose to feed his marbles from the bottom rather than the top of the chick.

As for the claim of unfair competition, the plaintiffs' chickens seem to have acquired no secondary meaning as to source, and there was no proof of palming off. The period between the defendants' merchandising its copies of the plaintiffs' chickens, and the time when plaintiffs placed them on the market was only about four or five months. There was no advertising justifying a claim that the defendants' copies were believed to emanate from the plaintiffs or indicating confusion with the latter's goods. Affidavits from interested sources ought not to support a monopoly based on a theory of unfair competition within such a short time after the plaintiffs' chicks appeared on the market. Without substantial proof of secondary meaning there is no likelihood the purchasing public cared anything about the source of the goods. This was clearly no case for a preliminary injunction.

The order for a preliminary injunction is accordingly reversed.

█ In respect to the motion by the defendants to restrain the plaintiffs' threats, they apparently related to a different product, to wit, a goose and not a chicken.

On the record before us the order denying the defendants' motion is affirmed without prejudice to the renewal of the motion in the District Court if the plaintiffs should hereafter issue any improper threats to defendants or its customers. Mandate to issue forthwith.